536 So.2d 905 (1988)
Velvelyn B. FOSTER
v.
Alice HARDEN, Earl S. Banks, and the Hinds County Democratic Executive Committee.
No. 58777.
Supreme Court of Mississippi.
December 14, 1988.
Barry W. Gilmer, Gilmer Law Firm, Jackson, for appellant.
Alvin O. Chambliss, Jr., Oxford, Edward Blackmon, Jr., Canton, Jay L. Wiener, Jackson, for appellees.
En Banc.

*906 ON PETITION FOR REHEARING
ANDERSON, Justice, for the Court:
The opinion previously issued reversing the order of the Circuit Court of Hinds County is withdrawn and this opinion is substituted as the opinion of the Court.
This appeal presents the issue whether the circuit court had subject matter jurisdiction of an election contest wherein it is alleged that the candidates certified for the run-off election and the candidate subsequently certified as the democratic nominee for Mississippi Senate District 28 did not meet the residency requirements for service in the Senate as prescribed in Article 4, Section 42 of the Constitution of the State of Mississippi. The circuit court answered the question in the negative and dismissed the proceeding. Because the question is one peculiarly within the competence of the Senate itself under Article 4, Section 38 of our Constitution, we affirm.

FACTS
Velvelyn B. Foster (Foster) properly qualified as a Democratic candidate for the Mississippi Senate from District 28, Hinds County, Mississippi. The Primary election was held on August 4, 1987 and the Democratic Executive Committee (Committee) certified Earl S. Banks (Banks) and Alice Harden (Harden) as candidates in the run-off election held on August 25, 1987. Pursuant to MCA § 23-15-921 (Supp. 1987), on August 24, 1987, Foster filed a sworn petition with the secretary of the Committee to contest the primary election. Foster alleged in her petition that Banks and Harden fraudulently qualified to seek election to the Mississippi Senate from District 28, in that said candidates were not actual residents of District 28 for two years prior to the election as required by Article 4, § 42 of the Mississippi Constitution. In the run-off election held on August 25, 1987, the Committee certified Harden as the Democratic nominee in the general election held on November 3, 1987. On October 13, 1987, the Committee unanimously denied Foster's election contest petition and declared Harden as the Democratic nominee from Senate District 28.
Pursuant to MCA § 23-15-927 (Supp. 1987), on October 21, 1987, Foster filed a petition for judicial review of the August 4th and August 25th, 1987, primary elections with the Circuit Court of Hinds County, wherein she again alleged that Banks and Harden failed to meet the residency requirements as candidates for the Senate seat. While this matter was pending, Harden, being the only candidate in the November 3, 1987, general election for Senate District 28, was certified as the winner.
A special circuit judge was appointed to preside over Foster's civil action, as prescribed in § 23-15-927. Harden filed a motion to dismiss the election contest petition, and all respondents joined in her motion. After hearing arguments of counsel and reviewing the memoranda of law submitted by the parties, the lower court, by an order entered on December 31, 1987, granted Harden's motion and dismissed the petition for lack of subject matter jurisdiction. From this adverse determination Foster appealed.

I.
Section 38 of the Constitution provides in unambiguous language that each house of the legislature "shall judge of the qualifications, return and election of its own members." The almost universal constitutional doctrine in the United States and the several states which have constitutions containing this or similar provisions is that:
Each legislative body is the sole judge of the elections, returns, and qualifications of its own members, and its action in admitting or expelling a member is not reviewable in the courts. Furthermore, a statute which requires a court to inquire into the commission of corrupt practices in the election of a member of the legislature is not constitutional.
16 C.J.S., Constitutional Law § 201 (1984).
1976 House Journal, H.R. No. 23; 1980 House Journal, H.R. No. 14.
The point is advanced that whether Harden meets the residency requirement of Section 42 is a question of law, competence of which is necessarily committed to the *907 judiciary. We are not concerned with the nature of the substantive question presented but with locating the legal power to decide it. That we have before us a question of law cannot be doubted for Section 42 is a rule of law. Still, it does not follow that the question may be considered only in the courts. Judicial competence may not extend to questions of law, decision of which is constitutionally placed somewhere else, for "there is no natural law of separation of powers. Rather, the powers of government are separate only insofar as the Constitution makes them separate." Dye v. State, ex rel. Hale, 507 So.2d 332, 346 (Miss. 1987).[1]
Section 38 vests competence of Harden's qualifications for office  including whether she meets the residency qualifications  in the Senate. Accordingly, there is no authority in the judiciary to hear this case. The court below correctly dismissed for lack of subject matter jurisdiction.

II.
It is suggested that we decided this issue differently in Gadd v. Thompson, 517 So.2d 576 (Miss. 1987). Indeed, earlier in Muirhead v. State Board of Election Commissioners, 259 So.2d 698 (Miss. 1972), we appear to have reached the merits of an issue involving the qualifications of one elected to the Senate to hold office, albeit by a different route. It will suffice to say that in neither case was the issue of Section 38 raised, nor the issue of jurisdiction discussed in the majority opinion. This Court does not ordinarily reach constitutional issues unless they are raised. A constitutional issue not raised cannot be considered as having been decided, sub silentio.
To be sure, this Court is bound to raise jurisdictional issues on its own motion and further our Brother Griffin discussed the issue in Gadd in his dissent. The substantive question Foster raises is one of law and this might ordinarily bring it within Circuit Court jurisdiction. It is only when the question is viewed in the light of Section 38 that we are fully informed of the import of such an interpretation with respect to legislative candidates. Having thus been informed, it is clear that the circuit court had no jurisdiction to determine the issue here involved.
To the extent that Gadd may be construed to be inconsistent with Section 38 of the Constitution, it is overruled. The judgment of the circuit court is affirmed.
PETITION FOR REHEARING GRANTED; JUDGMENT OF CIRCUIT COURT AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER and GRIFFIN, JJ., concur.
ROY NOBLE LEE, C.J., and ROBERTSON, SULLIVAN and ZUCCARO, JJ., dissent.
ZUCCARO, Justice, dissenting.
Today the Court deports from precedent barely a year old and from a premise fundamental in our law.
In Gadd v. Thompson, 517 So.2d 576 (Miss. 1987), this Court reviewed the decision of a special tribunal convened to hear an election contest in which the residency qualifications of the winning candidate were in issue. The lower court determined in Gadd that the winning candidate had not complied with the two year residency requirement *908 under Article 4, § 42 of the Mississippi Constitution and ordered a new election. In affirming the decision of the lower court, this Court determined that residency qualifications of a candidate are proper subject matter for a special tribunal in an election contest hearing. Consequently, we overruled, sub silentio, McKenzie v. Thompson, 186 Miss. 524, 191 So. 487 (1939) and those other cases holding to the contrary. As such, in the present case, it was error for the lower court to dismiss Foster's election contest petition pursuant to § 23-15-929 which stated as its basis the failure of Harden and Banks to comply with the two year residency requirement. The special tribunal had subject matter jurisdiction on the question of the legal status of the residency of Harden and Banks pursuant to our holding in Gadd, supra.
A point needs emphasis. Foster's contest has been brought under Miss. Code Ann. § 23-15-921, et seq. (Supp. 1988). That section contemplates election contests "in which fraud is alleged to have been perpetrated." The argument has been pressed that this refers only to stuffing-the-ballot-box-type fraud. I cannot see how it is less fraudulent for a candidate to qualify in a district where by law she is ineligible to run. Either case involves a violation of laws promulgated to make of this state a representative democracy.
I do not understand how it may be suggested that Gadd does not resolve the subject matter jurisdiction question. The point was pressed vigorously by Justice Griffin in dissent, albeit on grounds more narrow than those here. See Gadd, 517 So.2d at 579-83. On what possible principle of even-handed justice may we grant Alice Harden the relief we denied Jack Gadd? The injustice of today's decision is seen greater in that Gadd was decided correctly, in accordance with notions fundamental in our law.
The residency requirement for members of the Senate is a function of law. Mississippi Constitution Article 4, § 42 (1890). The Constitution is our supreme law, but in the present context it is still just law. Questions regarding its meaning and application by definition become judicial questions. The power to hear and adjudge such judicial questions is vested in the judicial department of government. Mississippi Constitution Article 6, § 144 (1890); Alexander v. State By and Through Allain, 441 So.2d 1329 (Miss. 1983). Nothing in Mississippi Constitution Article 4, § 38 (1890) which gives the Senate power to judge the qualification of its members serves to oust the judiciary of authority to hear and determine the judicial question of whether a senator is eligible for the office he seeks or to which he has been elected. See Dye v. State ex rel. Hale, 507 So.2d 332, 337-39 (Miss. 1987).
The landmark case is at the federal level. Powell v. McCormack, 395 U.S. 486, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). The U.S. House of Representatives had invoked its power to "be the judge of the elections, returns and qualifications of its own members",[1] U.S. Const. Art. I, § V, cl. 1, to exclude from its membership Adam Clayton Powell, Jr., of New York. The Supreme Court rejected arguments far more sophisticated than those made here and held a question of law was presented well within the subject matter jurisdiction of the federal courts. More fundamentally, Powell established judicial power to invalidate the decision of the House of Representatives on the qualifications of one elected to membership.
The most that may be said for the view of today's majority is that § 38 of our Constitution establishes a regime of concurrent jurisdiction. The Senate, too, may reject someone who has failed of the residency requirement and is thus not qualified for membership. But because a question of law is presented, the ultimate arbiter is this Court, a pointed regarded settled on principle at least since 1823. Runnels v. State, Walker (1 Miss.) 146 (1823). I hope the majority is not saying that, if it may be *909 proved that Alice Harden was not "an actual resident of the district or territory [s]he ... [has been] chosen to represent for two years before ... [her] election," our courts have no authority to grant Velvelyn B. Foster any relief. Because I cannot read the majority opinion any other way, I respectfully dissent.
ROY NOBLE LEE, C.J., and ROBERTSON and SULLIVAN, JJ., join this dissent.
NOTES
[1] Section 1 of the Mississippi Constitution provides that the powers of the government of the state shall be divided into three distinct departments, and each of them confided to a separate magistry, to-wit: Those which are legislative to one; those which are judicial to another; and those which are executive to another. Section 2 provides:

No person or collection of persons, being one or belonging to one of these departments, shall exercise any power properly belonging to either of the others. The acceptance of an office in either of said departments shall, of itself, and at once, vacate any and all offices held by the person so accepting in either of the other departments.
It will be seen from Section 2 that the Constitution prohibits a person who is an officer in a department of government from exercising any discretionary power found at the core of that committed to either of the other departments. Poplarville Sawmill Co. v. A. Marx & Sons, 117 Miss. 10, 77 So. 815, 816 (1918).
[1] The operative language of Mississippi Constitution Article 4, § 38 (1890) is taken verbatim from the federal constitution.