# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-EC-00710-SCT

*CHARLES C. EDWARDS AND*
*MISSISSIPPI DEMOCRATIC PARTY*
*STATE EXECUTIVE COMMITTEE*

*v.*

*MARY ANN STEVENS*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/27/2007 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | BETH BURTON |
| | WAYNE DOWDY |
| ATTORNEY FOR APPELLEE: | BEN J. PIAZZA, JR. |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 05/31/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

### Statement of the Case

¶1. Incumbent Representative Mary Ann Stevens timely filed qualifying papers with the Mississippi Democratic Party State Executive Committee (MDPSEC) for the purpose of being certified as a candidate for the House of Representatives, District 48, in the August 7, 2007, party primary election. Stevens received a letter on March 16, 2007, notifying her that her qualifications were being challenged and that a hearing was set for March 17, 2007.

Stevens asserts that her party loyalty was questioned at the hearing and that the MDPSEC refused to certify her as a candidate for the Democratic Party on that basis. The MDPSEC did however certify Charles C. Edwards as a candidate for the post.

¶2. Stevens filed a petition for judicial review in the Hinds County Circuit Court on March 20, 2007, and Special Judge Billy Joe Landrum was appointed to hear the matter. On April 20, 2007, the court entered an agreed order which declared Stevens to be qualified for certification as a candidate for House District 48 in the Democratic Party Primary Election. All costs were assessed to the MDPSEC.

¶3. The court next held a hearing on April 26, 2007, to determine whether Charles Edwards was qualified to be certified as a candidate based on a challenge to his residency. Judge Landrum issued his opinion the next day finding that Edwards had not lived in the district for two years prior to the election. Judge Landrum ordered that Edwards' name be removed from the ballot. The present appeal comes from that judgment. Consistent with Miss. Code Ann. § 23-15-961(6) (Rev. 2001), we have treated this appeal as a preference case, stayed proceedings below pending this decision, and expedited briefing and our decision.

**Analysis**

¶4. The Mississippi Constitution provides and requires that a candidate for the House of Representatives live/reside in the district which he will serve for a period of two years immediately preceding the election. Miss. Const. art. 4, § 41. The general election for House District 48 will take place on November 6, 2007. A potential candidate must therefore be able to prove residency in the district since at least November 7, 2005.

2

¶5. Within the context of a challenge to the qualifications of an election candidate, all questions of law will be reviewed de novo. *Ladner v. Necaise*, 771 So. 2d 353, 355 (Miss. 2000) (citing *Saliba v. Saliba*, 753 So. 2d 1095, 1098 (Miss. 2000)). We review questions of law de novo, and we review findings of fact by a trial judge sitting without a jury for manifest error, i.e., whether the findings were the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence. *Boyd v. Tishomingo Co. Democratic Exec. Comm.*, 912 So. 2d 124, 128 (Miss. 2005).

¶6. At the hearing, Edwards testified that, despite periodically living outside the district, he always intended to return to establish a permanent residence. Both sides agree that Edwards grew up on his parents' farm in House District 48, where the mailing address is 27586 Highway 17 North, Lexington, Mississippi, and that Edwards left home to attend college and law school. The parties disagree as to whether Edwards intended to return and took steps to accomplish that purpose.

¶7. Edwards' own testimony reflects that, after graduating from law school, he lived in Greenwood for ten months while employed as a law clerk. Edwards next rented an apartment in Hattiesburg while he worked in the Hattiesburg office of Boutwell and Gowan. Thereafter, Edwards returned to Holmes County where he continued to work for Boutwell in the Lexington office. Edwards claimed that he did not live in Boutwell's in-town house although he had residential telephone service there as evidenced by the local phone directory for 2003-2004. Edwards admitted that he stayed there quite often and kept furniture and clothes there. The in-town location was not in House District 48.

¶8.     In August 2003, Edwards purchased a house located at 417 Boulevard Street, Lexington.  He married Angela Acy in September 2003, and the two moved into the home together.  This home was not located in House District 48.  In June 2006, the two filed a joint complaint for divorce in the Holmes County Chancery Court and declared the marital residence to be 417 Boulevard Street.  The document recited that Edwards abandoned the marital home on April 28, 2006.

¶9.     Edwards offered proof that he was registered to vote in House District 48 and that the voter profile reflected the Highway 17 address.  He also testified that he had intended to buy a house and lot across the street from his parents' farm but had not done so.  He registered his cars at the Highway 17 address but kept them in town.

¶10.    Edwards testified that in January 2007, he filed an application claiming homestead exemption for the property at 417 Boulevard Street.  He admitted that he later sought to withdraw the exemption claim on March 9, two days after his residency qualification was challenged.  "[T]he filing of a homestead exemption conclusively establishes domicile for electoral purposes." *Gadd v. Thompson*, 517 So. 2d 576, 579 (Miss. 1987), *overruled in part by* *Foster v. Harden*, 536 So. 2d 905, 907 (Miss. 1988).  In that case, a would-be candidate (Gadd) filed a homestead exemption claim only to later withdraw it and repay the tax assessor after learning of the filing's adverse impact on his qualification for candidacy in another voting district.  We did not find the repayment persuasive and observed that condoning such a practice could result in very undesirable consequences.  *Id.*  While no longer conclusive as a matter of law, the filing of a homestead exemption claim still creates

a strong but rebuttable presumption of residency. ***Hinds Co. Election Comm'n v. Brinston,*** 671 So. 2d 667, 669 (Miss. 1996).

¶11.   Edwards is required to "show absolute proof, he will, subject to *no* contingencies, meet all qualifications on or before the date of the general or special election at which he could be elected to office." Miss. Code Ann. § 23-15-299(7) (Supp. 2006) (emphasis added). If he fails to prove absolutely any one of the qualifications, his name may not be placed on the ballot. ***Cameron v. Miss. Republican Party****,* 890 So. 2d 836, 838 (Miss. 2004).  Edwards must show residency in House District 48 for the two years prior to the 2007 general election on November 6.  The record clearly shows that Edwards resided outside the district from November 2005 until April 2006, when he abandoned the marital home.

¶12.   We expressly reject Edwards' contention that he had actually lived in House District 48 following graduation from law school as well as for the two years preceding this year's general election.  His testimony and employment have shown otherwise.  Likewise unpersuasive is his argument that it was always his intention to return to House District 48. The record belies that notion also.  Edwards has simply failed to meet all the requirements for certification to the House District 48 ballot for the 2007 general election.

## CONCLUSION

¶13.   The judgment of the special judge is affirmed and the prior stay issued by this Court is hereby vacated.  The motion to transcribe and receive the record is dismissed as moot. Because of the expedited requirements set out by Miss. Code Ann. § 23-15-961(6) (Rev. 2001), any motion for rehearing shall be filed no later than Monday, June 4, 2007.  Any response thereto shall be filed no later than Wednesday, June 6, 2007.

5

¶14.   **AFFIRMED.**

**SMITH, C.J., DIAZ, P.J., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.**