# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-EC-00986-SCT

*CARL W. YOUNG*

*v.*

*R. D. "DICKIE" STEVENS*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/11/2007 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | HUMPHREYS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SAMUEL L. BEGLEY |
| ATTORNEY FOR APPELLEE: | WILLIE GRIFFIN |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 06/15/2007 |
| MANDATE ISSUED: | 06/15/2007 |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Aggrieved by the Special Judge's order declaring him to be disqualified to seek the position of Beat Two Supervisor in Humphreys County, Carl W. Young seeks relief from us via a Bill of Exceptions filed on June 13, 2007.  By order entered on the same day, in light of the looming deadlines for finalizing the ballots, and pursuant to Miss. Code Ann. § 23-15-961(6) (Rev. 2001), this Court has expedited this appeal.  Finding the Special Judge's duly entered Opinion and Order to be supported by the evidence and the law, we affirm.

**FACTS AND PROCEEDINGS IN THE TRIAL COURT**

¶2. Carl W. Young qualified to run in the Democratic Party primary for the office of Supervisor for Beat Two in Humphreys County. R. D. "Dickie" Stevens, the incumbent supervisor for Beat Two, filed an objection to Young's candidacy. Stevens alleged that Young is not a resident of Beat Two and is therefore not qualified to run. The Humphreys County Democratic Executive Committee certified Young as a qualified candidate. Pursuant to Miss. Code Ann. § 23-15-961, Stevens sought judicial review of the Committee's decision, and the Chief Justice, pursuant to section 23-15-961(5), promptly appointed Circuit Judge Billy Joe Landrum from the Eighteenth Judicial District as the special judge to hear this case. After a hearing conducted on June 8, 2007, the special judge entered his Opinion and Order of the Court declaring that Young was not a resident of Beat Two in Humphreys County and directing Young's name to be removed from the ballot. We now consider this expedited appeal based on Young's Bill of Exceptions, Stevens's Amended Bill of Exceptions, the trial court clerk's papers, the court reporter's transcript of the trial court proceedings, and the briefs of the parties.

**DISCUSSION**

¶3. Having meticulously reviewed the record, we find Judge Landrum's findings of fact to be wholly supported by the record, and we thus set out here verbatim those findings:

> The Petitioner, [R. D. "Dickie"] Stevens, is a candidate for the position of Supervisor, Beat 2, Humphreys County, Mississippi. The Respondent, Carl W. Young ("Young") has been qualified by the Humphreys County Democratic Executive Committee as a candidate for the position of Supervisor, Beat 2, Humphreys County, Mississippi.

2

Petitioner, Stevens, filed his appeal of the Humphreys County Democratic Executive Committee's decision to qualify the Respondent, Young, in the form of a Petition for Judicial Review, and this Court was, thereafter, appointed to hear same.

The Respondent, Young, lived in Humphreys County as a child and until the time of his entry into Jackson State University in 1980, at which time he relocated to Jackson, Mississippi but continued to use his parents' residence address as his own.

Between the time in 1980 that the Respondent, Young, attended Jackson State University and the present time, he has purchased several homes outside of Humphreys County, all of which have been located in Hinds County.

The Respondent, Young, registered to vote in Hinds County at some point after 1980. In 1995, Young apparently changed his voter registration to Humphreys County and was purged from the voter rolls in that county in 2002, after it came to the attention of persons unknown to the Court that he was a non-resident of Humphreys County. Sometime thereafter, Young voted in Humphreys County by affidavit ballot, and his name was added back to the voter rolls in that county for reasons unknown to the Court.

In 1996, the Respondent, Young, purchased a home at 855 Cherry Ridge, Clinton, Hinds County, Mississippi, MS, where he lived until he and his ex-wife separated on or about February 1, 1996. Respondent's divorced (sic) was filed and granted in Hinds County.

Since 1996, Respondent, Young, has purchased two or three other homes in Hinds County, and as recently as January, 2007, Young purchased a vehicle tag in Hinds County, continuing to show the Clinton, MS, address.

In December, 2001, Young purchased a home at 1211 Winterview Drive, Jackson, Hinds County, MS, where he admitted, under oath, he continues to reside with his wife and three children. Additionally, Young's children attend a private school in Hinds County.

In January, 2007, Young changed the address on his driver's license to his parents' residence address in Humphreys County, and in April of 2007, he had the utilities at his parents' home transferred into his name.

Young is employed with Information Technology Systems in Jackson, Hinds County, and his wife is employed in Ridgeland, Madison County.

In 2006, Young attempted to file homestead exemption using his parents' residence address; said homestead exemption application was denied, as his mother had already claimed the exemption on the property.

Young claims that he has lived in a small "cottage" or "shed" next to his parents' house but admitted under oath that the "cottage" or "shed" is currently uninhabitable. Young claims he has always considered Humphreys County his home and that he still has many social connections there and has contributed financially to a church there. Young also claims that he owns some property in Humphreys County, although the Court does not believe this is a fact that was proven in the hearing of this matter.

¶4. In a candidate qualification challenge, the standard of review for questions of law is de novo. *Ladner v. Necaise,* 771 So. 2d 353, 355 (Miss. 2000) (citing *Saliba v. Saliba*, 753 So. 2d 1095, 1098 (Miss. 2000)). Further, we review findings of fact by a trial judge sitting without a jury for manifest error, including whether the findings were the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence. *Boyd v. Tishomingo Co. Democratic Exec. Comm.,* 912 So. 2d 124, 128 (Miss. 2005) (citing *Miss. Dep't of Transp. v. Johnson*, 873 So. 2d 108, 111 (Miss. 2004)).

¶5. Article 6, Section 176 of the Mississippi Constitution of 1890 sets out the residency requirements for a member of a county board of supervisors. Section 176 provides that in order to be eligible for that office, a person must be a resident of the district which he or she represents.[1] Similarly, Miss. Code Ann. § 19-3-3 (Rev. 2003) requires residency within the

[1]Article 6, Section 170, Mississippi Constitution of 1890 provides that "[e]ach county shall be divided into five districts, a resident freeholder of each district shall be selected, in the manner prescribed by law, and the five so chosen shall constitute the board of

county supervisor's district. Miss. Code Ann. § 23-15-299(7) (Supp. 2006) mandates that the proper executive committees of the political parties shall determine the qualifications of the candidates seeking office. The primary qualification requirement is "whether each candidate is a qualified elector of the state, state district, county or county district which they [sic] seek to serve. . . ." In making the qualification determination, the committee is required to find that the candidate is a resident of the district or has shown by "absolute proof that he will, subject to no contingencies, meet all qualifications on or before the date of the general or special election at which he could be elected to office." *Id*. *See also* Miss. Code Ann. § 23-15-359(9) (Supp. 2006).

¶6.     In Mississippi, residence and domicile are synonymous for election purposes. ***Hinds County Election Comm'n v. Brinston***, 671 So. 2d 667, 668 (Miss. 1996). A person's domicile in election matters is the place:

> where he has his true, fixed, permanent home and principal establishment, and to which whenever he is absent, he has the intention of returning. . . . A domicile continues until another is acquired; before a domicile can be considered lost or changed, a new domicile must be acquired by removal to a new locality with intent to remain there, and the old domicile must be abandoned without intent to return thereto.

***Smith v. Deere***, 195 Miss. 502, 505-06, 16 So. 2d 33, 34 (1943) (internal citations omitted).

¶7.     After reviewing all of the evidence, we find that Young's residence for election qualification purposes is his home in Jackson. He and his wife work in the Jackson area. His children attend school in Jackson. He has registered vehicles in Hinds County. Until very

supervisors of the county, a majority of whom may transact business."

recently, his driver's license listed a Jackson address. Though Young grew up in Humphreys County, claims ownership of property in Isola, regularly visits his mother there, has registered to vote and has in fact voted in Humphreys County, and has other contacts to the county, we find that the proof does not show that he maintains a permanent residence there. We find that the special judge was not manifestly wrong in determining that Young is a Hinds County resident.

¶8.     Young claims that the special judge failed to give adequate weight to his decision to forego homestead on the houses he has owned in Hinds County. The general rule in this state is that there is a rebuttable presumption that one's domicile and residence are where his homestead exemption is filed. *See **Hinds County Election Comm'n v. Brinston**, 671 So. 2d 667 (Miss. 1996). Young's attempt to file for homestead on the shed in Humphreys County was rejected. There is no presumption of residency in Humphreys County. Young now argues that since he never filed homestead in Hinds County, he therefore has not established residency in Hinds County. This Court recently held that a potential candidate's decision to forego homestead exemption in the county of his apparent residence is not definitive for purposes of determining his legal residence. In **Garner v. State Democratic Executive Comm**., 2007 Miss. LEXIS 327 (Miss. 2007) (*mandate issued*, June 14, 2007), we held that even though a candidate had declined to file for homestead in Hinds County, he was still a resident of Hinds County, given the overwhelming proof of his actual living arrangements. This Court has never held that a decision to forego homestead negates the otherwise obvious establishment of a domicile. We decline to do so today.

6

¶9.     Young admits that he and his family do not physically reside in Humphreys County and that he has not lived there since approximately 1989. Yet he claims that he has always considered himself to be a resident of Humphreys County and that he has never established an official residence elsewhere. The proof clearly shows that Young has in fact established Hinds County as his domicile and residence. He has owned three houses in Hinds County. Prior to that, he lived in an apartment in Hinds County. He and his wife work in the Jackson area. Their three children live and go to school in Jackson. Before he changed his voter registration to Humphreys County in 1995, he was registered in Hinds County. He signed divorce papers in 1996 in which he swore that his marital residence was in Hinds County.

¶10.     The Court recently considered a very similar residency qualification contest in which the candidate in question claimed that for the preceding two years, he had been a resident of a Holmes County legislative district despite overwhelming evidence that he had actually resided elsewhere. He claimed that it was always his intent to return to the district. We held that the candidate had not shown that he was a resident of the district and his candidacy was prohibited. *Edwards v. Stevens*, 2007 Miss. LEXIS 314 (Miss. 2007) (*mandate issued*, June 6, 2007). In the case *sub judice*, we find that Young's claims that he has always considered himself to be a resident of Humphreys County are not sufficient to overcome the overwhelming proof that he lives in Jackson, Hinds County, Mississippi. The determination of a person's "permanent home and principal establishment" turns on actual proof of a person's living arrangements. It is not satisfied with a simple declaration that one intends to be a resident of a particular county when the overwhelming proof shows that he actually

7

resides elsewhere. It is not enough that Young considers himself an official resident of Humphreys County. He must actually reside there permanently.

¶11. Young also claims that, after his father's death, he owns an interest in his mother's homestead property through descent and distribution and that he is entitled to the presumption of residency in Humphreys County on that basis. The homestead statutes define the homestead as the dwelling "actually occupied as the primary home of a family group." Miss. Code Ann. § 27-33-19 (Rev. 2006). The primary home actually occupied by Young and his family is clearly the Jackson house and not the house where his mother lives. Again, we find that Young's true, fixed, permanent home and principal establishment are in Jackson where he resides with his wife and children, and not in Humphreys County where his mother lives.

¶12. Finally, Young claims that as an employee of the State of Mississippi, he is a public officer and thus entitled to claim residency in Humphreys County. Young relies on Miss. Code Ann. § 25-1-61 (Rev. 2006) which provides:

> All public officers of this state who are required to, or who for official reasons, remove from the county of their actual household and residence to another county of this state for the purpose of performing the duties of their office shall be deemed in law in all respects to be householders and residents of the county from which they so remove, unless such officer elects to become an actual householder and resident of the county to which he removed for official causes.

We find that Young is merely employed by the state and is clearly not a state officer. Miss. Code Ann. § 5-8-3(p) and (q) (Rev. 2002) provide definitions for state officials and state employees:

8

(p) "Public employee" means an individual appointed to a position, including a position created by statute, whether compensated or not, in state or local government and includes any employee of the public employee. The term includes a member of the board of trustees, chancellor, vice-chancellor or the equivalent thereof in the state university system or the state community and junior college system, and a president of a state college or university.

(q) "Public official" means an individual elected to a state or local office, or an individual who is appointed to fill a vacancy in the office.

While those definitions are provided in a chapter of the code dealing with lobbying reform and do not directly relate to election or residence matters, we find the definitions to be instructive here. Young is not a public officer or official and is not entitled to evade the residency requirements simply because he works for the State.

## CONCLUSION

¶13. We find from the record before us that the special judge's findings of fact were not manifestly in error inasmuch as his findings were not the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence. *Boyd*, 912 So. 2d at 128. Thus we unquestionably are compelled as a matter of well-established law to affirm Judge Landrum's judgment finding Carl W. Young to be disqualified as a candidate and directing his name be removed from the ballot for Supervisor of Beat Two in Humphreys County, Mississippi.

¶14. In light of imminent ballot printing deadlines, under this Court's authority to suspend the rules pursuant to M.R.A.P. 2(c), the Court finds that no motion for rehearing will be allowed and that this opinion shall be deemed final in all respects. The Court finds that the mandate in this matter should issue immediately.

¶15.   The Court further finds that the Motion to Strike Bill of Exceptions filed by the appellee should be dismissed as moot.

¶16.   **AFFIRMED.**

**WALLER AND DIAZ, P.JJ., EASLEY, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  SMITH, C.J., NOT PARTICIPATING.**