LAMAR, Justice,
for the Court:
¶ 1. Latrice Westbrooks filed a Qualifying Statement of Intent with the Secretary of State’s Office, declaring her intent to be a candidate for the office of Court of Appeals of the State of Mississippi, District 2, Position 2. The State Board of Election Commissioners,[1] in a unanimous vote, determined that Westbrooks did not meet the qualifications to seek election. West-brooks sought judicial review, and the Circuit Court of Hinds County, First Judicial District, entered an Order Granting Permanent Injunction and Order Granting Declaratory Judgment. The circuit court ordered the Board immediately to add Westbrooks’s name to the ballot as a candidate for the office.
¶ 2. Aggrieved by the circuit court’s order, the Board appealed to this Court via a Bill of Exceptions and a Notice of Appeal. By order entered on the same day, this Court expedited the appeal.
FACTS AND PROCEDURAL HISTORY
¶ 3. On May 11, 2012, Westbrooks filed a Qualifying Statement of Intent to run as a candidate for the office of Court of Appeals of the State of Mississippi, District 2, Position 2. At that time, she did not reside within District 2. On August 30, 2012, the Secretary of State sent a letter to West-brooks advising her that a candidate for the Court of Appeals must be a resident of the district from which she seeks election. Westbrooks responded and argued that no such residency requirement exists. On September 10, 2012, during its public meeting, the Board determined that West-brooks did not meet the qualifications to seek this elected office because she does not reside in District 2. The next day, Westbrooks executed a Residential Lease Agreement for a residence in Durant, Mississippi, within District 2. On September 13, 2012, Westbrooks sought judicial review of the Board’s decision to keep her name off the ballot. On September 14, 2012, Westbrooks filled out an application for electric, water, sewer, and garbage service for the Durant residence.
¶4. On September 17, 2012, the circuit court conducted a hearing during which counsel for each side presented argument. No testimony or evidence was presented to the court. Westbrooks did not testify during the hearing or offer any evidence that she now resides in District 2. The circuit court ruled in Westbrooks’s favor, finding that there was no residency requirement to run for a judgeship on the Court of Appeals, and alternatively, if there were, Westbrooks had met that requirement. The circuit court ordered the Board imme *131 diately to add Westbrooks’s name to the ballot as a candidate for the Court of Appeals office.
¶ 5. We consider this expedited appeal based on the Board’s Bill of Exceptions, Notice of Appeal, the record, and the briefs of the parties.
DISCUSSION
¶ 6. We have held that “[i]n a candidate qualification challenge, the standard of review for questions of law is de novo.” Young v. Stevens, 968 So.2d 1260, 1262 (Miss.2007) (citing Ladner v. Necaise, 771 So.2d 353, 355 (Miss.2000)); Garner v. State Democratic Exec. Comm., 956 So.2d 906, 909 (Miss.2007); Grist v. Farese, 860 So.2d 1182, 1185 (Miss.2003); see also Cameron v. Miss. Republican Party, 890 So.2d 836, 840-41 (Miss.2004); but see Rayner v. Barbour, 47 So.3d 128, 131 (Miss.2010) {Rayner addressed a write-in election and not a challenge to a candidate’s qualifications). “[W]e review findings of fact by a trial judge sitting without a jury for manifest error, including whether the findings were the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence.” Young, 968 So.2d at 1263 (citations omitted).
¶7. This case presents a question of first impression. Must a candidate for the office of Court of Appeals of the State of Mississippi reside within the district for the office she seeks? Having meticulously reviewed the Mississippi Constitution, statutes, caselaw, the record, and the briefs of the parties, we conclude that a candidate for the office of Court of Appeals must reside within the district for the office she seeks.
¶ 8. The Mississippi Legislature created the Court of Appeals,[2] and Section 9-4-1 of the Mississippi Code provides that:
(2) The Court of Appeals shall be comprised often (10) appellate judges, two (2) from each Court of Appeals District, selected in accordance with Section 9-Ar-5.
Miss.Code Ann. § 9-4-1 (Rev.2002) (emphasis added). Section 9-4-5 of the Mississippi Code states, in pertinent part:
(1) The term of office of judges of the Court of Appeals shall be eight (8) years. An election shall be held on the first Tuesday after the first Monday in November 1994, to elect the ten (10) judges of the Court of Appeals, two (2) from each congressional district; provided, however, judges of the Court of Appeals who are elected to take office after the first Monday of January 2002, shall be elected from the Court of Appeals Districts described in subsection (5) of this section....
(2) .... (b) The laws regulating the general elections shall apply to and govern the elections of judges of the Court of Appeals except as otherwise provided in Sections 23-15-974 through 23-15-985.
(c) In the year prior to the expiration of the term of an incumbent, and likewise each eighth year thereafter, an election shall be held in the manner provided in this section in the district from which the incumbent Court of Appeals judge was elected at which there shall be elected a successor to the incumbent. ...
(3) No person shall be eligible for the office of judge of the Court of Appeals who has not attained the age of thirty *132 (30) years at the time of his election and who has not been a practicing attorney and citizen of the state for five (5) years immediately preceding such election.
[[Image here]]
Miss.Code Ann. § 9-4-5 (Rev.2002) (emphasis added). These statutes clearly require that the judge shall be “from each ... district.”
¶ 9. Furthermore, we find that this language is very similar to the residency requirement for candidates for this Court.[3] In her brief, Westbrooks acknowledges that “a person seeking a seat on the court of appeals must possess the same qualifications as a justice of the supreme court.” Article 6, Section 145 of the Mississippi Constitution instructs the Legislature to divide the state into districts, “and there shall be elected one judge for and from each district_” (Emphasis added.) Article 6, Sections 145A and 145B similarly require that the judges of this Court “shall be selected one for and from each of the Supreme Court districts.... ” (Emphasis added.) While this Court has never interpreted this residency requirement, the Fifth Circuit has noted that the Mississippi Constitution “imposes a residency requirement to run for the position of justice” of the Supreme Court. Robertson v. C.I.R., 190 F.3d 892, 398 (5th Cir.1999) (citing Miss. Const, art. 6, § 145).
¶ 10. The residency requirement for judges of the Court of Appeals also is similar to the residency requirements for chancellors, circuit judges,[4] and county court judges. The qualifications for each of these offices are found in the Mississippi Constitution and in the Mississippi Code. “A chancellor shall be elected for and from each of the chancery court districts.... ” Miss. Const, art. 6, § 153; Miss.Code Ann. § 9-5-1 (Rev.2002) (emphasis added). “A circuit judge shall be elected for and from each circuit court district....” Miss. Const, art. 6, § 153; Miss.Code Ann. § 9-7-1 (Rev.2002) (emphasis added). County court judges are to be elected in the same manner as circuit court judges. Miss.Code Ann. § 9-9-1 (Rev.2002).
¶ 11. Westbrooks argues that the only qualifications for the office are found in Section 9-45(3) of the Mississippi Code.[5] However, this interpretation completely ignores the remaining subsections in Section 9-4-5 and Section 9-4-1. And, like the Court of Appeals statutes, the qualifications for justices of this Court also are found in separate sections of the constitution. Additionally, Article 6, Section 145 of the Mississippi Constitution further provides: “but the removal of a judge to the *133 state capítol during his term of office shall not render him ineligible as his own successor for the districts from which he has removed.” Miss. Const, art. 6, § 145. If there were no residency requirement for Supreme Court justices, then this language in the constitution would serve no purpose. Additionally, Westbrooks’s interpretation would be inconsistent with other provisions found in “the laws regulating the general elections” of judges of the Court of Appeals. Miss.Code Ann. § 9 — 4—6(2)(b) (Rev.2002). For example, Section 23-15-849 of the Mississippi Code governs vacancies in the office of judge of the Court of Appeals. The statute requires the Governor to appoint a qualified person “from the district in which the vacancy exists.” Miss.Code Ann. § 23-15-849 (Rev.2007) (emphasis added).
¶ 12. We find a candidate for the office of Court of Appeals of the State of Mississippi must reside within the district for the office she seeks.
¶ 13. Next, we must determine if West-brooks has proven that she is a resident of District 2. Westbrooks admits that, at the time she filed her Qualifying Statement of Intent, she lived .7 miles outside District 2. At least as late as September 11, 2012, Westbrooks’s residency remained outside District 2.[6]
¶ 14. When considering residency in the context of elections, this Court has said:
In Mississippi, residence and domicile are synonymous for election purposes. Hinds County Election Comm’n v. Brinston, 671 So.2d 667, 668 (Miss.1996). A person’s domicile in election matters is the place:
where he has his true, fixed, permanent home and principal establishment, and to which whenever he is absent, he has the intention of returning.... A domicile continues until another is acquired; before a domicile can be considered lost or changed, a new domicile must be acquired by removal to a new locality with intent to remain there, and the old domicile must be abandoned without intent to return thereto.
Smith v. Deere, 195 Miss. 502, 505-06, 16 So.2d 33, 34 (1943) (internal citations omitted).
Young, 968 So.2d at 1263; Garner, 956 So.2d at 909. In Young, we also stated:
The determination of a person’s “permanent home and principal establishment” turns on actual proof of a person’s living arrangements. It is not satisfied with a simple declaration that one intends to be a resident of a particular county when the overwhelming proof shows that he actually resides elsewhere. It is not enough that [the candidate] considers himself an official resident of [the district]. He must actually reside there permanently.
Young, 968 So.2d at 1264 (emphasis added). It is the candidate’s burden to prove that she meets the residency requirement. Edwards v. Stevens, 963 So.2d 1108, 1110 (Miss.2007); see also Grist v. Farese, 860 So.2d 1182, 1187 (Miss.2003).
¶ 15. In Westbrooks’s brief before the circuit court, she attached two documents in an effort to prove that she now resides in District 2. She attached a “Residential *134 Lease Agreement” for a residence in Durant, Mississippi, which she executed on September 11, 2012. The terms of the lease state: “This lease shall commence on the 11 day of September, 2012 and extend until the 11 day of September, 2012 ....” (Emphasis added.) Westbrooks also attached an “Application for Electric, Water, Sewer and/or Garbage Service,” which she signed on September 14, 2012, that lists the address of the Durant residence. These documents were not admitted as evidence at the hearing, although the record reflects that both attorneys and the circuit judge referenced these documents. Further, Westbrooks presented no testimony concerning her residency or her intentions regarding this lease. In fact, no sworn testimony or physical evidence was presented to the circuit court.
¶ 16. This Court has considered a candidate’s evidence to prove residency several times. In Young, evidence was presented regarding real property the candidate owned, his homestead filings, his voter registration, his vehicle registrations, the address on his driver’s license, and testimony regarding his actual living arrangements. This Court affirmed the trial court’s finding that the candidate had failed to show that he met the residency requirement. Young, 968 So.2d at 1260. In Gamer and Edwards, this Court considered similar evidence. In both cases, the candidates failed to meet their burden of proof that they met the residency requirements. Edwards, 963 So.2d at 1110 (trial court ordered candidate’s name removed from ballot and this Court affirmed); Garner, 956 So.2d at 909 (trial court found that candidate was qualified to run for office and this Court reversed).
¶ 17. While the existence of a residency requirement was a question of law suitable for summary review by a circuit judge, the question of whether a candidate meets that residency requirement clearly involves questions of fact. We have said that “[t]he determination of a person’s ‘permanent home and principal establishment’ turns on actual proof of a person’s living arrangements.” Young, 968 So.2d at 1264 (emphasis added). This record is completely devoid of any such proof. Based on the complete lack of evidence presented, we find that the circuit court erred in concluding that “the petitioner does indeed reside within the district,” as this finding is clearly “against the weight of the credible evidence.” Young, 968 So.2d at 1263 (citations omitted).
¶ 18. Justice Chandler’s dissent argues that this Court lacks jurisdiction to consider this appeal. Further, he argues that the chancery court, rather than the circuit court, had jurisdiction for judicial review of the Board’s decision and concludes that this case should be reversed and the matter remanded with directions to transfer the case to chancery court. Assuming arguendo that jurisdiction for judicial review was properly in the chancery court, Article 6, Section 147 of the Mississippi Constitution provides, in pertinent part:
No judgment or decree in any chancery or circuit court rendered in a civil cause shall be reversed or annulled on the ground of want of jurisdiction to render said judgment or decree, from any error or mistake as to whether the cause in which it was rendered was of equity or common-law jurisdiction;....
Miss. Const, art. 6, § 147 (1890). Pursuant to this section we will not reverse a case simply because the wrong court decided the issue. The merits of this appeal are squarely before this Court and we should address them.
¶ 19. Justice King’s dissent argues that Westbrooks has until the day of election to meet the qualifications for the office that
*135 she seeks and contends that the Board acted prematurely in finding that West-brooks was not qualified. This Court previously has reviewed candidate qualification challenges which were brought before the ballots were printed and specifically held that the challenges were not premature. In Gamer v. State of Mississippi Democratic Executive Committee, a candidate for district attorney argued that his qualifications should not be judged until the time of the election. Garner, 956 So.2d 906, 910 (Miss.2007). Relying on this Court’s previous decision in Grist v. Farese, we again held that the “determination of the residency issue prior to the election is not premature.” Id. at 911 (citing Grist v. Farese, 860 So.2d 1182 (Miss.2003) (emphasis added). Justice King is correct that “the statutes regarding Court of Appeals candidates are silent as to when candidates must meet the residency requirement.” However, we need not decide this issue today, because when given the opportunity to present evidence that she would meet the residency requirement, Westbrooks chose not to do so.
CONCLUSION
¶ 20. We find that a candidate for the office of Court of Appeals of the State of Mississippi must reside within the district for the office she seeks. We further find that Westbrooks has not met the residency requirement. Therefore, the circuit court erred in finding that Westbrooks was a qualified candidate for the position. The circuit court’s Order Granting Permanent Injunction and Order Granting Declaratory Judgment is hereby vacated. The injunction is hereby dissolved.
¶ 21. Because the ballots have been printed and voting by absentee ballot began on September 22, 2012, under this Court’s authority to suspend the rules pursuant to Rule 2(e) of the Mississippi Rules of Appellate Procedure, no motion for rehearing will be allowed and this opinion shall be deemed final in all respects. The mandate in this matter shall issue immediately.
¶ 22. The Court further finds that the State Board of Election Commissioners’ Motion to Expedite Appeal and for Relief from the Trial Court’s Judgment is hereby dismissed as moot. All costs of this appeal are assessed to the Appellee, Latriee Westbrooks.
¶ 23. VACATED.
CARLSON AND DICKINSON, P. JJ., RANDOLPH AND PIERCE, JJ., CONCUR. CHANDLER, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J.; CHANDLER, J., JOINS IN PART. WALLER, C.J., NOT PARTICIPATING.

. The State Board of Election Commissioners consists of the Governor, the Secretary of State, and the Attorney General. Miss.Code Ann. § 23-15-211 (Rev.2007).

. “The legislature shall, from time to time, establish such other inferior courts as may be necessary, and abolish the same whenever deemed expedient.” Miss. Const, art. 6, § 172 (1890).

. Other qualifications for judge of the Supreme Court are found in Article 6, Section 150 of the Mississippi Constitution. That section states: "No person shall be eligible to the office of judge of the Supreme Court who shall not have attained the age of thirty years at the time of his appointment, and who shall not have been a practicing attorney and a citizen of the State for five years immediately preceding such appointment.” Miss. Const, art. 6, § 150.

. Other qualifications for chancellors and circuit court judges are found in Article 6, Section 154 of the Mississippi Constitution. That section states: "No person shall be eligible to the office of judge of the circuit court or of the chancery court who shall not have been a practicing lawyer for five years and who shall not have attained the age of twenty-six years, and who shall not have been five years a citizen of this State.” Miss. Const, art. 6, § 154.

."No person shall be eligible for the office of judge of the Court of Appeals who has not attained the age of thirty (30) years at the time of his election and who has not been a practicing attorney and citizen of the state for five (5) years immediately preceding such election.” Miss.Code Ann. § 9 — 4—5(3) (Rev. 2002).

. Both parties mistakenly rely on Section 23-15-359 of the Mississippi Code. By its own terms, that statute does not apply to the election of a judge of the Court of Appeals. Miss. Code Ann. § 23-15-359(6) (Rev.2007) ("The provisions of this section shall not apply to municipal elections or to the election of the offices of justice of the Supreme Court, judge of the Court of Appeals, circuit judge, chancellor, county court judge and family court judge.”)