COLEMAN, JUSTICE,
DISSENTING:
¶ 22.1 wholly agree with the majority in one respect. “We are tasked today with reconciling [these] competing lines of cases with our Constitution.” (Maj. Op. at 1112). However, because I am of the opinion that Section 38 mandates by its, language that disputes regarding election to either house of our Legislature, no matter when they may arise during the elective process, be decided in the appropriate house, I respectfully dissent.
¶ 23. Article 4, Section 38 of the Mississippi Constitution of 1890 provides, “Each house shall elect its own officers, and shall judge of the qualifications, return and election of its own members.” In twelve of its twenty words lies the answer to today’s case. “Each house ... shall judge ... the ... return and election of its own members.”
¶24. The majority holds that the broad-' er Section 247, which by its. -terms applies to all party elections, conventions, and methods of naming party candidates governs, but I believe it does so in the first place based upon a misinterpretation of the words “of its own members” in Section 38 and, in the second place, in disregard of the principle of construction that directs us to give effect to a narrow provision of law over a broader one, and, in the third instance, in violation of the doctrine of store decisis.
¶25. The majority writes, “A primary election does not transform a candidate or nominee of a party into a member of the House or Senate.” (Maj. Op. at ¶ 13). The majority reasons that, because winning a party primary makes a candidate the candidate only for a party, or, if one will, a candidate at a higher level, it takes the *930 candidate outside of the parameters- of Section 247. I do not discern within the-text of our Constitution the line drawn by the majority between the primary and the general election for purposes of electing members of the Legislature'. The whole process is part of electing members of the' Legislature, and Section 38' explicitly places judging the election of members of the Legislature in the Legislature’s bailiwick. In light of the straightforward wording of -Section 38, there exists no real' difference between the different stages of the election process, and I fear that the majority today adds words to the Constitution to reach its result.
¶ 26. By the above-quoted language and the language that follows it, the majority suggests that 'Section 38 limits itself to contests' wherein an incumbent member is a party to the contest.'However, Section 38 applies to both the return and the election of its own members. If Section 38 applied only to the return of its members, I would agree with the majority, but the drafters’ inclusion of the words “and election” significantly broadens its Impact.
¶27. I further basé my differeneé of opinion with the majority on the principle of construction that “[t]o the extent that two constitutional or statutory provisions overlap or conflict, specific provisions control over general provisions.” Harrison v. State, 800 So.2d 1134, 1137 (¶ 14) (Miss. 2001) (citing Yarbrough v. Camphor, 645 So.2d 867, 872 (Miss. 1994) (citing McCrory v. State, 210 So.2d 877, 877-78 (Miss. 1968); Lenoir v. Madison County, 641 So.2d 1124, 1128 (Miss. 1994))). Section 38 applies only to legislative elections, but Section 247 applies to all party elections, conventions, and other .methods for electing party candidates for any and every elected office in the state in which candidates run with party affiliation. As the narrower provision, Section 38 controls.
¶ 28. Pursuant to the foregoing reasoning, I would hold that the cases rejected by the majority including Foster v. Harden, 536 So.2d 905, 907 (Miss. 1988), and Henry v, Henderson, 697 So.2d 447 (Miss. 1997), were correctly decided and provide the correct guidance for all legislative election contests. In Foster, which involved a contest that occurred at the , primary level, the Court wrote, “Section 38 vests competence of Harden’s qualifications for office—including whether she meets the residency qualifications—in the Senate.. Accordingly,, there is no authority in the judiciary to hear this case. The court below correctly dismissed for lack of subject matter jurisdiction.” Harden, 536 So.2d at 907. The Harden Court also wrote as follows:
Section 38 of the Constitution provides in unambiguous language that each house of the legislature “shall judge of the qualifications, return and election of its own members.” The almost universal constitutional doctrine in the United States , and the several states which have constitutions containing this or similar provisions is that: .
Each legislative body is the sole judge of the elections, returns, and qualifications of its own members, and its action in admitting or expelling a member, is not reviewable in the courts. Furthermore, a statute which requires a court to inquire into the commission of corrupt practices in the election of a member of the legislature is not constitutional.
16 C.J.S., Constitutional Law § 201 (1984).
Harden, 536 So.2d at 906. The Harden Court continued,
The point is advanced that whether Harden meets the residency requirement of Section 42 is a question of law, compe-fence of which is necessarily" committed *931 to the judiciary. We are not concerned with the nature of the substantive .question presented but with locating the legal power to decide it. That we have before us a question of law cannot be doubted for Section 42 is a rule of law. Still, it does not follow that the question may be considered only in the courts. Judicial competence may not extend to questions of law, decision of which is constitutionally placed somewhere else, for “there is no natural law of separation of powers. Rather, the powers of government are separate only insofar as the Constitution makes them separate.” Dye v. State, ex rel. Hale, 507 So.2d 332, 346 (Miss. 1987).
Section 38 vests competence of Harden’s qualifications for office—including whether she meets the residency qualifications—in the Senate. Accordingly, there is no authority in the judiciary to hear this case. The court below correctly dismissed for lack of subject matter jurisdiction.
Harden, 536 So.2d at 906-907.
¶29. Indeed, as the majority acknowledges, in Barbour v. Gunn, 890 So.2d 843 (Miss. 2004), Section 38 was neither raised nor argued. (Maj. Op. at ¶ 8). Therefore, as a third and final ground for my disagreement with the majority, in addition to the language of Section 38 and the principle of applying specific provisions over general ones, I rely on the principle of stare deci-sis and close by pointing out that the Foster and Henry Courts already have provided the result the Court should be following in the case sub judice. The issue before us already has been decided, and the majority identifies no compelling reason to stray from our earlier pronouncements on the matter.