# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2007-EC-00884-SCT

*G. DAVID GARNER*

*v.*

*STATE OF MISSISSIPPI DEMOCRATIC*
*EXECUTIVE COMMITTEE, WAYNE DOWDY,*
*CHAIRMAN, AND WILTON A. MCNAIR*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/2007 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | DAVID SHOEMAKE |
| | AUDRY REGNAL BLACKLEDGE |
| | DAVID GARNER |
| | OBY THOMAS ROGERS |
| ATTORNEY FOR APPELLEE: | BEN J. PIAZZA, JR. |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | REVERSED AND RENDERED - 06/07/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**EASLEY, JUSTICE, FOR THE COURT:**

¶1.     Wilton A. McNair filed papers to qualify to run for the office of District Attorney for the Thirteenth Circuit Court District in the August 7, 2007, Democratic Party primary election.  G. David Garner, a resident of the district, filed an objection to McNair's candidacy.  Garner alleged that McNair is not a resident of the Thirteenth District, which includes Covington, Jasper, Simpson, and Smith Counties.  The State of Mississippi

1

Democratic Executive Committee rejected that objection and certified McNair as a qualified candidate. Garner sought judicial review as authorized by Miss. Code Ann. § 23-15-961, and the special judge found that McNair was a resident of Covington County and that he was qualified to run for office in the Thirteenth District. Garner appealed. In light of the impending deadlines for finalizing the ballots and pursuant to Miss. Code Ann. § 23-15-961(6) (Rev. 2001), we have expedited this appeal. We find that the trial court erred in ruling that McNair is a resident of Covington County. We conclude that McNair is not a qualified candidate for the position and that his name should be stricken from the ballot.

**FACTUAL BACKGROUND**

¶2. McNair and his wife bought a house in Jackson, in Hinds County, in 1994. They continue to own that home and spend the majority of their time there. McNair is an assistant district attorney in the Twenty-First Judicial District, which includes Yazoo, Humphreys, and Holmes Counties. His wife teaches school in Jackson. McNair testified that he and his wife spend week nights at the house in Jackson because it is closer to their employment locations. McNair and another witness testified that since March of 2007, when the challenge to his candidacy was filed, the McNairs have spent the weekends at a family-owned house in Collins, Covington County. The McNairs attend religious services at a church in Jackson where Ms. McNair serves on the ministerial staff.

¶3. Indisputably, the Jackson house was McNair's residence and domicile until at least late in 2002. At that point, McNair decided to run for District Attorney of the Thirteenth District, which is composed of Covington, Jasper, Simpson, and Smith Counties. He

2

withdrew the homestead exemption he had previously filed for his home in Jackson. He also registered to vote in Covington County in 2002, at a time when he resided in Hinds County. Even though he claimed that the Hinds County home was no longer his principal residence when he withdrew his claim for homestead in 2002, McNair signed a deed of trust in November of 2004 in which he stated that the Jackson home was in fact his principal residence and would remain so for a year after execution of that document.

¶4. McNair grew up in Covington County. Prior to 2005, his mother owned property and a home outside Collins. The house was rented by a tenant who has lived there for approximately six years. All of the utilities for the Covington County house are in the tenant's name. In 2005, McNair's mother transferred a one-fourth interest in the property to McNair.

¶5. McNair claims that he considers himself to be a Covington County resident as that is where he was raised, where some of his family lives, where he owns property, and where he does his banking. He claims that he has stayed in the home in Collins at various times over the years. After the candidacy contest was filed in March, McNair changed his driver's license address from Jackson to a post office box in Collins. Covington County also allowed him to claim a one-fourth homestead exemption on his interest in the Covington County property. McNair also signed a lease on the Collins house in which he and his wife are co-tenants along with the state trooper who was already living there. Finally, McNair claims that he is renovating his house in Jackson so that he can sell it. The house is not presently for sale. McNair further stated that if he loses the election, he intends to maintain a home in

3

Jackson for convenience in commuting. According to McNair's testimony, whether he will move to Covington County is contingent upon his winning the election.

## ANALYSIS

¶6.     The trial judge erred in determining that McNair is qualified to run in Covington County. In an election contest, the standard of review for questions of law is de novo. *Ladner v. Necaise*, 771 So. 2d 353, 355 (Miss. 2000) (citing *Saliba v. Saliba*, 753 So. 2d 1095, 1098 (Miss. 2000)). Further, we review findings of fact by a trial judge sitting without a jury for manifest error, i.e., whether the findings were the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence. *Boyd v. Tishomingo Co. Democratic Exec. Comm.*, 912 So. 2d 124, 128 (Miss. 2005).

¶7.     A candidate for district attorney is required to be a resident of the district. Miss. Code Ann. § 23-15-299(7) requires the political parties to determine the qualifications of the candidates seeking office. The primary qualification is "whether each candidate is a qualified elector of the state, state district, county or county district which they [sic] seek to serve. . ." The committee's obligation to determine residency is reiterated in Miss. Code Ann. § 23-15-359(9) (Rev. 2001).

¶8.     In Mississippi, residence and domicile are synonymous for election purposes. *Hinds County Election Comm'n v. Brinston*, 671 So. 2d 667, 668 (Miss. 1996). A person's domicile in election matters has been defined as the place:

> where he has his true, fixed, permanent home and principal establishment, and to which whenever he is absent, he has the intention of returning. . . A domicile continues until another is acquired; before a domicile can be

4

considered lost or changed, a new domicile must be acquired by removal to a new locality with intent to remain there, and the old domicile must be abandoned without intent to return thereto.

*Smith v. Deere*, 195 Miss. 502, 505-06, 16 So. 2d 33, 34 (1943)(internal citations omitted).

¶9.     The question is whether the trial court was manifestly wrong in determining that McNair's true home and principal establishment is in Covington County. We determine that the trial court erred in that finding. The proof put forth at the hearing overwhelmingly evidences that McNair resides in Hinds County and had not established residency in Covington County.

¶10.    The trial judge determined that the McNairs had never established Jackson as their permanent residence and had never abandoned their previous domicile in Covington County. He based that finding on McNair's extensive testimony "that he considered Covington County to be his home, and . . . that the home in Jackson was for the convenience of shortening commuting times to and from work."

¶11.    We find that the trial court clearly erred in finding that McNair was never a resident of Hinds County. McNair admits that his residence was in Jackson until he decided to run for District Attorney in Covington County in 2002, when he first took steps to circumvent the election, homestead, and voting laws of this State. Only then did he drop his homestead exemption in Hinds County and change his voter registration to Covington County.

¶12.    The question then is whether McNair abandoned his established Hinds County domicile in 2002 when he chose to run for office in Covington County. Evidence supporting McNair's claim of a change in domicile includes that he changed his voting registration to

5

Covington County in 2002. Further, he has purchased his car tags in Covington County since 2002. Other than those changes, there is little if any evidence that McNair abandoned his Hinds County residence and established a residency and a domicile in Covington County. Although he claims that he intended Covington County to be his residence, he was still residing in the Jackson home. He spent the great majority of his time there compared to Covington County. After this candidacy contest was filed, McNair undertook additional measures to try to shore up his claim of Covington County residency. He changed his driver's license from Jackson to a Covington County post office box. He filed for homestead exemption in Covington County on his quarter interest in his mother's former home. He signed a lease to share the house which was already rented by a state trooper, and he claims that he began spending weekends in Covington County.

¶13. McNair claims that the house in Jackson is not his permanent residence and that he maintains that home and spends time there for convenience purposes only. The Jackson house is much closer to where he currently works and where his wife works. We find unpersuasive McNair's argument that he maintains the house in Jackson for convenience only. McNair bought the Jackson house in 1994. McNair worked for Rusty Fortenberry, then District Attorney of the Thirteenth District, until 1999. McNair lived in the house in Jackson while working in the Covington County district and continued to live there even after he took a job with a district attorney's office on the Gulf Coast in 1999.

¶14. After a review of the evidence, we find that McNair has not established a residency or a domicile in Covington County. Despite McNair's declared desire to be a Covington

6

County resident, we conclude that his legal residence is located in Hinds County. McNair's assertions of residence in Covington County are completely contradicted by his actual living arrangements. McNair's "true, fixed, permanent home and principal establishment" is in Jackson. We therefore find that McNair is not qualified to run for office as a Covington County resident.

¶15. McNair also argues that the determination of his residency is premature at this point. He claims in essence that a candidate's qualifications should not be judged until the time of the election. He cites Miss. Code Ann. § 23-15-299(7) (Rev. 2001), which states:

> Upon receipt of the proper fee and all necessary information, the proper executive committee shall then determine whether each candidate is a qualified elector of the state, state district, county or county district which they seek to serve, and whether each candidate meets all other qualifications to hold the office he is seeking or presents absolute proof that he will, subject to no contingencies, meet all qualifications on or before the date of the general or special election at which he could be elected to office.

This Court has ruled that the statutory framework for determining a candidate's qualifications requires that the determination be made upon filing for office and not at the time of the election. In *Grist v. Farese*, 860 So. 2d 1182 (Miss. 2003), this Court considered a case in which a candidate's qualifications for office were challenged upon his filing to run for district attorney. The trial judge ruled that the issue entailing whether the candidate had been practicing law for two years was premature in that, theoretically, the candidate might begin practicing law between the time of qualification for office and the election. This Court ruled that the circuit judge's interpretation of Miss. Code Ann. § 23-15-299(7) negated the qualification challenge process otherwise set out in the statute and that qualification

7

questions could be determined prior to the election. The statute requires the committee to find that each candidate meets the residency requirements or has presented absolute proof that he will meet the residency requirements, subject to no contingencies, at the time of the general election.

¶16. According to the statute, determination of the residency issue prior to the election is not premature. At qualification, McNair was required either to reside in the district or present absolute proof without contingency that he will reside in the district at the time of the election. McNair failed to meet either requirement.

## CONCLUSION

¶17. We conclude that the trial judge erred in finding that McNair is a qualified candidate for office in the Thirteenth Judicial District. We find that McNair resides at his home in Jackson where he lived seven days a week prior to the candidacy contest and still lives at least five days a week even now. The trial court's judgment is therefore reversed and judgment is rendered for Garner. McNair's name shall not be placed on the ballot.

¶18. In light of exigencies related to finalizing the ballot, and pursuant to this Court's obligation to expedite candidate qualification appeals, any motion for rehearing shall be filed on or before June 11, 2007. Any response thereto shall be filed on or before June 13, 2007.

¶19. **REVERSED AND RENDERED.**

**WALLER AND DIAZ, P.JJ., CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR. SMITH, C.J., AND DICKINSON, J., NOT PARTICIPATING.**