# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-EC-01387-SCT

*JAMES K. BASIL*

*v.*

*ROGER BROWNING, UNION COUNTY
ELECTION COMMISSION AND PHYLLIS
STANFORD, CIRCUIT CLERK*


| | |
|---|---|
| DATE OF JUDGMENT: | 09/15/2015 |
| TRIAL JUDGE: | HON. JOHN ANDREW GREGORY |
| TRIAL COURT ATTORNEYS: | DAVID D. O'DONNELL |
| | THAD A. MUELLER |
| | JAMES D. BELL |
| | P. CALEB KOONCE |
| COURT FROM WHICH APPEALED: | UNION COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JAMES D. BELL |
| | P. CALEB KOONCE |
| ATTORNEYS FOR APPELLEES: | DAVID D. O'DONNELL |
| | THAD J. MUELLER |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | REVERSED AND RENDERED - 10/29/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**EN BANC.**

**WALLER, CHIEF JUSTICE, FOR THE COURT:**

¶1.     The Union County Election Commission disqualified Roger Browning from running

for Union County Superintendent of Education, finding that he was not a qualified elector

of the Union County School District.  The Union County Circuit Court overturned the

Commission's decision and issued an injunction requiring Browning's name to be placed on

the ballot for the general election. James K. Basil, the incumbent Union County Superintendent of Education and Democratic Party nominee in the upcoming election, appeals the circuit court's decision, arguing that Browning does not meet the residency requirement to serve as county superintendent. We hold that Browning, a resident of the New Albany Municipal Separate School District, is not eligible to run for Union County Superintendent of Education. Accordingly, we reverse the judgment of the circuit court and render judgment in Basil's favor.

## FACTS & PROCEDURAL HISTORY

¶2.    Union County contains two school districts: Union County School District, and New Albany Municipal Separate School District. Roger Browning resides in Union County, outside the limits of the City of New Albany but within the New Albany Municipal Separate School District. In January 2015, Browning submitted the necessary paperwork to qualify as a Republican Party candidate for Union County Superintendent of Education. The Union County Republican Executive Committee certified Browning as a qualified candidate. The Republican primary election was held on August 4, 2015, and Browning was declared the Republican Party nominee after running unopposed.

¶3.    On August 18, 2015, the Union County Election Commission met to discuss Browning's qualifications to be placed on the ballot for the general election. Browning and Clay Hardy, the Chairman of the Union County Republican Executive Committee, attended this meeting. At the conclusion of the meeting, the Election Commission voted unanimously to disqualify Browning "because he does not live in the Union County school district." The

2

Election Commission's decision was based on a settlement judgment entered in ***Weeden v. Reddy***, Civil Action No. 3:02CV165-M-A (N.D. Miss. February 20, 2003), in which a United States magistrate judge had enjoined residents of the New Albany Municipal Separate School District from being candidates for the position of Union County Superintendent of Education.

¶4.    On September 1, 2015, Browning filed a Petition to Declare Roger Browning a Duly Qualified Republican Candidate for Union County Superintendent of Education and Permanent Injunctive Relief with the Union County Circuit Court.  James Basil, the incumbent Union County Superintendent of Education and Democratic Party nominee for the upcoming election, filed a motion to intervene and a motion to dismiss Browning's petition.  The trial court held a hearing on the parties' respective motions on September 10, 2015.  Five days later, the trial court entered an order granting Basil's motion to intervene, denying Basil's motion to dismiss, and granting an injunction requiring the Union County Election Commission to place Browning's name on the ballot for the general election.

¶5.    Basil then filed a motion for reconsideration in the trial court and a notice of appeal to this Court.  Basil also filed a motion in this Court requesting a stay of the circuit court's ruling and an expedited briefing schedule on appeal.  This Court denied Basil's request for a stay but granted his request for an expedited briefing schedule.  We then issued an order requiring Basil to show cause why his appeal should not be delayed until the circuit court court ruled on his motion to reconsider.  Two days later, the circuit court denied Basil's motion to reconsider, and this Court issued an order allowing the appeal to proceed.

¶6. On appeal, Basil argues that the circuit court erred in finding that Browning met the residency requirement to qualify as a candidate for Union County Superintendent of Education. He also argues that Browning failed to follow the proper procedure for appealing the Election Commission's decision disqualifying him as a candidate.

## STANDARD OF REVIEW

¶7. "In an election contest, the standard of review for questions of law is de novo." ***Garner v. Mississippi Democratic Exec. Comm.***, 956 So. 2d 906, 909 (Miss. 2007) (citations omitted). On the other hand, the factual findings of the trial court are reviewed for manifest error, "i.e., whether the findings were the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence." ***Id.*** (citing ***Boyd v. Tishomingo Cnty. Democratic Exec. Comm.***, 912 So. 2d 124, 128 (Miss. 2005)).

## DISCUSSION

I. **Whether Browning failed to follow the proper procedure for challenging the Union County Election Commission's disqualification decision.**

¶8. We must first dispose of Basil's procedural arguments before turning to the substantive issue before the Court. As previously stated, Browning challenged the Election Commission's decision to disqualify him by filing a petition for injunctive relief in the Union County Circuit Court. Basil argues that Section 23-15-963 of the Mississippi Code provides the exclusive procedure for challenging the decision of election officials and that Browning failed to comply with this statute's requirements. Specifically, Basil argues that Browning failed to file a petition with the Election Commission challenging their disqualification

4

decision prior to seeking judicial review of the Commission's decision, in violation of Section 23-15-963(1), and that he failed to file a cost bond with the necessary sureties when he filed his petition in the trial court, in violation of Section 23-15-963(6).

¶9. A review of the plain language of Section 23-15-963 demonstrates that Basil's arguments are without merit. Section 23-15-963 sets forth "the sole and only manner in which the qualifications of a candidate seeking public office *who qualified* pursuant to the provisions of Section[] 23-15-359 . . . *may be challenged* prior to the time of his election." Miss. Code Ann. § 23-15-963(9) (Rev. 2015) (emphasis added). The procedures listed in this statute may be utilized only to "contest the qualifications of *another person who has qualified* . . . as a candidate for any office *at a general election*[.]" Miss. Code Ann. § 23-15-963(1) (Rev. 2015) (emphasis added). At the time he filed his petition in the circuit court, Browning was not a qualified candidate for public office at a general election, as the Election Commission had disqualified him. Moreover, Browning was not contesting the qualifications of another person; rather, he was challenging his own disqualification. Accordingly, the provisions of Section 23-15-963 do not apply to the instant case. We now turn to Basil's substantive arguments.

> II. **Whether Mississippi law allows a qualified elector of New Albany Municipal Separate School District to seek election to the position of Union County School District Superintendent of Education.**

¶10. Mississippi law requires each county to have a county superintendent of education, who "shall be the director of all schools in the county school district which are *outside the municipal separate school districts*." Miss. Code Ann. § 37-5-61(1), (3) (Rev. 2014)

(emphasis added). "No person shall be eligible to the office of superintendent of schools unless such person shall hold a valid administrator's license issued by the State Department of Education and shall have had not less than four (4) years of classroom or administrative experience." Miss. Code Ann. § 37-9-13 (Rev. 2014). It is undisputed that Browning possesses the above qualifications. The only question before this Court is whether Browning, a resident of the New Albany Municipal Separate School District, may nevertheless run for Union County Superintendent of Education.

¶11. Section 37-5-71 of the Mississippi Code provides the residency requirements for candidates for the position of county superintendent of education in specific counties. In some counties, "[t]he qualified electors residing within the municipal separate school districts shall not participate in the election of the county superintendent of education." Miss. Code Ann. § 37-5-71(3) (Rev. 2014). In other counties, however, "[a]ll qualified electors residing within any municipal separate or special municipal separate school district shall not vote in the election for the county superintendent of education" but "the county superintendent of education may be a resident of a municipal separate school district or special municipal separate school district." Miss. Code Ann. § 37-5-71(2) (Rev. 2014). Section 37-5-71 does not cover every county in the state, however, and the parties in this case agree that Union County is not described anywhere in the statute. Thus, we must determine the general rule governing the residency requirement for county superintendent of education in the absence of a specific statutory directive.

¶12. The Mississippi Election Code, codified in Title 23, Chapter 15 of the Mississippi Code, provides a general residency requirement for all elected offices in the state. Section 23-15-359 imposes upon the appropriate election officials the duty to "determine whether each candidate is a qualified elector of the state, state district, county or *county district* they seek to serve, and whether each candidate meets all other qualifications to hold the office he is seeking[.]" Miss. Code Ann. § 23-15-359(8) (Rev. 2015) (emphasis added). Here, it is undisputed that Browning is a resident of Union County. However, Union County and the Union County School District are not one and the same. The Union County Superintendent of Education serves as the director of all schools within the Union County School District which are outside the New Albany Municipal Separate School District. *See* Miss. Code Ann. § 37-5-61(3) (Rev. 2013). Browning, a resident of the New Albany Municipal Separate School District, did not present any evidence to the circuit court indicating that he is a qualified elector of the Union County School District, the "county district [he] seek[s] to serve." Miss. Code Ann. § 23-15-359(8) (Rev. 2015). Accordingly, we hold that the Union County Election Commission correctly disqualified Browning as a candidate for county superintendent,[1] and the circuit court erred by requiring Browning's name to be placed on the ballot for the general election.

¶13. We recognize that the Attorney General has issued some opinions which conflict with the holding of this Court. It is well-settled that Attorney General's Opinions are not binding

---

[1] We note that the injunction imposed in **Weeden**, on which the Election Commission relied to disqualify Browning, is consistent with our opinion in the instant case and the statutes cited herein.

7

on this Court and serve only as persuasive authority in appropriate cases. *See **Dupree v. Carroll***, 967 So. 2d 27, 31 (Miss. 2007). But the Attorney General Opinions cited by Browning are either incorrect or distinguishable from the instant case. In ***Bridgeforth***, 2011 WL 533613, at *1 (Miss. A.G. Jan. 14, 2011), the Attorney General incorrectly applied Section 37-5-71(2) to Yazoo County and opined that a resident of the Yazoo City Municipal School District could qualify as a candidate for Yazoo County Superintendent of Education. The ***Bridgeforth*** opinion was incorrect, because Yazoo County, like Union County, is not identified in any of the provisions of Section 37-5-71. Thus, the residency requirement for the office of Yazoo County Superintendent is governed by Section 23-15-359(8), not Section 37-5-71. In ***Austin***, 2003 WL 21003287, at *1 (Miss. A.G. March 7, 2003), the Attorney General opined that a resident of the Pontotoc Municipal Separate School District could run for the office of Pontotoc County Superintendent of Education. But Pontotoc County is specifically described in Section 37-5-71(4)(c), so ***Austin*** is distinguishable from the instant case. For counties not identified in Section 37-5-71(2) of the Mississippi Code, qualified electors of a municipal separate school district or special municipal separate school district are not eligible to run for the office of county superintendent of education.

## CONCLUSION

¶14. For the foregoing reasons, we reverse the judgment of the Union County Circuit Court and render judgment here that Roger Browning is not qualified by residency to be a candidate for Union County Superintendent of Education and that any votes cast for Browning at the November 3, 2015, general election shall not be counted. Given the impending election date,

8

no motion for rehearing will be allowed in this case, and the Clerk of this Court is directed to issue the mandate in this case immediately.

¶15.    **REVERSED AND RENDERED.**

**DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR.  CHANDLER, J., NOT PARTICIPATING.**