# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-EC-00395-SCT

*KIA MONIQUE JONES*

*v.*

*SHANDA M. YATES*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/06/2023 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON, JR. |
| TRIAL COURT ATTORNEYS: | SAMUEL L. BEGLEY |
| | DANNY E. CUPIT |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DANNY E. CUPIT |
| ATTORNEY FOR APPELLEE: | SAMUEL L. BEGLEY |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 05/11/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     Shanda M. Yates filed a residency challenge to determine whether Kia Monique Jones qualified to seek office as a Democratic candidate for state representative for District 64 of the Mississippi House of Representatives. Because Jones did not reside in the district for two years, we affirm the trial court's decision disqualifying her.

## FACTS AND PROCEDURAL HISTORY

¶2.     Kia Monique Jones filed a letter of intent with the Mississippi Democratic Party to seek that party's nomination for a seat in the Mississippi House of Representatives for District 64 on February 1, 2023. On February 9, incumbent Independent Shanda M. Yates filed a challenge to Jones's qualifications with the Executive Committee of the Mississippi

Democratic Party, arguing that Jones did not satisfy the two year residency requirement under Mississippi Constitution article 4, section 141, and that Jones was not a qualified elector in District 64 at the time of her qualifying to run on February 1, 2023, as required by Mississippi Code Section 23-15-299(7)(a) (Supp. 2022).

¶3.     After a hearing on February 16, 2023, the Executive Committee of the Democratic Party denied Yates's challenge and certified Jones as a candidate.  Yates timely filed an appeal to the Circuit Court of the First Judicial District of Hinds County in a matter held before special Judge Forrest A. Johnson.  After a hearing on dueling motions for summary judgment, Judge Johnson entered an order on April 6, 2023, finding that although Jones would satisfy the two year residency requirement by the time of the 2023 election, she was not a qualified elector in the district she sought to serve at the time of her qualifying to run. As a result, she was disqualified from being placed on the ballot.  Jones appeals.

¶4.     On appeal, Jones argues that the judge erred as a matter of law by disqualifying her and by finding that she was not a qualified elector in House District 64 at the time of qualifying deadline. Yates cross-appeals, arguing that the trial court erred by finding that Jones met the two year residency requirement.  The latter issue is dispositive.  As a result, we affirm the trial court's decision but on different grounds.

**ANALYSIS**

¶5.     "In an election contest, the standard of review for questions of law is *de novo*." **Parks v. Horton**, 299 So. 3d 777, 779 (Miss. 2020) (internal quotation marks omitted) (quoting **McDaniel v. Cochran**, 158 So. 3d 992, 995 (Miss. 2014)).  "[I]n a candidate qualification

2

challenge, the standard of review for questions of law is de novo." ***Simmons v. Town of Goodman***, 346 So. 3d 847, 850 (Miss. 2022) (internal quotation marks omitted) (quoting ***Hale v. State Democratic Exec. Comm.***, 168 So. 3d 946, 951 (Miss. 2015)). The Mississippi Supreme Court reviews a trial judge's findings of fact for manifest error, "including whether the findings were the product of prejudice, bias, or fraud, or manifestly against the weight of the credible evidence." ***Id.*** (internal quotation mark omitted) (quoting ***Hale***, 168 So. 3d at 954). "[W]hether a candidate meets [the] residency requirement [to run for office] clearly involves questions of fact." ***Id.*** (second and third alterations in original) (internal quotation mark omitted) (quoting ***Hale***, 168 So. 3d at 951).

¶6.     The statutory framework for determining the qualifications of a candidate under Section 23-15-299(7)(a) necessitates that a determination as to qualification be made at the time *of filing* to seek office and not at the time of the election.  ***Garner v. Democratic Exec. Comm.***, 956 So. 2d 906, 911 (Miss. 2007) (citing ***Grist v. Farese***, 860 So. 2d 1182 (Miss. 2003)).

¶7.     We note at the outset that there are no disputed facts.

¶8.     In relevant part, Mississippi Code Section 23-15-299(7)(a) provides as follows:

> [T]he proper executive committee or the Secretary of State, whichever is applicable, shall then determine at the time of the qualifying deadline, unless otherwise provided by law, whether each candidate is a qualified elector of the state, state district, county or county district which they seek to serve . . . *or presents absolute proof that he or she will, subject to no contingencies, meet all qualifications* on or before the date of the general or special election at which he or she could be elected to office.

Miss. Code. Ann. § 23-15-299(7)(a) (Supp. 2022) (emphasis added).

¶9.    At the time of her qualifying to seek the Democratic nomination for state representative for Mississippi House District 64, Jones had only lived at her current residence at 43B Northtown Road for approximately three months.  Prior to moving there, Jones lived at 6295 Old Canton Road, which was redistricted out of District 64 in the latest changes to legislative district maps.  The trial judge allowed her to cobble together her time at the two addresses within House District 64 to meet the two year residency requirement of article 4, section 41, of the Mississippi Constitution, which provides that a state representative "have been a resident citizen of the state for four (4) years, and within the district such person seeks to serve for two (2) years, immediately preceding this election."  Miss. Const. art. 4, § 41.

¶10.    The Mississippi Legislature adopted Joint Resolution No. 1 on March 31, 2022, redrawing the lines of state legislative districts.  H.J. Res. 1, Reg. Sess., 2022 Miss. Laws ch. 2149.  House District 64 was affected by the changes in the resolution.  The language of Joint Resolution No. 1 states "the districting contained  [the] resolution shall supersede any prior redistricting, and any prior districting shall be null and void upon the date this resolution is effectuated" and that "the foregoing provisions of [the] resolution shall take effect and be in force from and after adoption."  *Id.*  The resolution explicitly outlines that "the districts set out in [the] joint resolution shall become effective for the primary and general elections conducted in 2023 that determine the membership of the 2024 Mississippi Legislature[.]" *Id.*

¶11.    As applied here, the boundaries of the house district Jones seeks to serve do not include the 6295 Old Canton Road address where Jones resided until December 2022.  Because the address is not within the newly redrawn District 64, the time Jones resided there

cannot not be used to compute the time that Jones has resided "within the district [she] seeks to serve." In an opinion we find persuasive, the Attorney General specifically found that "where a candidate is 'redistricted' out of his old district and moves back into an area or location within the new configuration of his former district, he cannot utilize his previous period of residency for the purpose of satisfying residency requirements." Miss. Att'y Gen. Op., 1991 WL 577553, *Sautermeister*, at *2 (Apr. 30, 1991).

**CONCLUSION**

¶12. Although we hold that the trial court erred by finding that Jones met the two year residency requirement, our holding results in an affirmance of the overall result, *i.e.*, that Jones is not qualified to run.

¶13. Due to the necessity for an expedited and final disposition of the instant appeal, under our Court's authority to suspend the rules pursuant to Mississippi Rule of Appellate Procedure 2(c), the Court finds that no motion for rehearing will be allowed and that the present opinion shall be deemed final in all respects. The Court finds that the mandate in the matter *sub judice* should issue immediately.

¶14. The Clerk of this Court is directed to send copies of this opinion to the Executive Committee of the Democratic Party and to the Secretary of State.

¶15. **AFFIRMED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., MAXWELL, BEAM, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR.**

5