## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-EC-00611-SCT

*THE MISSISSIPPI STATE DEMOCRATIC PARTY*

*v.*

*BOB HICKINGBOTTOM*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/26/2023 |
| TRIAL JUDGE: | HON. FORREST A. JOHNSON, JR. |
| TRIAL COURT ATTORNEYS: | JOHN R. REEVES |
| | GERALD A. MUMFORD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | GERALD A. MUMFORD |
| ATTORNEY FOR APPELLEE: | JOHN R. REEVES |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | REVERSED AND RENDERED - 06/08/2023 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     This case tasks the Court with determining whether a petition for judicial review was time barred. Because Bob Hickingbottom appealed the decision of the Democratic Party Executive Committee (DEC) to disqualify him as a candidate for governor pursuant to Mississippi Code Section 23-15-961 (Rev. 2018)—which provides the exclusive procedure for such an appeal—this Court finds that Hickingbottom's petition for judicial review was untimely filed and, therefore, his petition for judicial review was time barred.

## FACTS AND PROCEDURAL HISTORY

¶2.     On February 1, 2023, Hickingbottom filed a Qualifying Statement of Intent, declaring

his candidacy to be the Democratic Party's nominee for governor. On February 10, 2023, Jim Newman sent a letter to the DEC. The letter challenged Hickingbottom's qualifications as a candidate for the office of governor. Specifically, Newman's letter claimed that when running on the Constitution Party ticket in the 2019 gubernatorial election, Hickingbottom failed to file a statement of organization in violation of Mississippi Code Section 23-15-803 (Rev. 2018) and a statement of economic interest in violation of Mississippi Code Section 25-4-25 (Rev. 2018). On February 13, 2023, Tyree Irving, the chairman of the DEC, emailed Hickingbottom to notify him of Newman's letter and to inform him that a hearing via Zoom would be conducted on February 14, 2023, to address Newman's challenges. Then on February 14, 2023, the hearing was rescheduled to February 16, 2023, "to consider the challenges to the qualifications of several of the candidates running."

¶3. At the Zoom hearing on February 16, 2023, Hickingbottom was present and was given an opportunity to be heard by the DEC and to rebut Newman's challenges to his qualifications. On February 17, 2023, Andre Wagner, the executive director of the DEC, emailed Hickingbottom to notify him that the DEC had voted and decided not to certify Hickingbottom because "[s]adly, [he] did not meet the statutory requirements[.]"

¶4. On March 15, 2023, counsel for Hickingbottom sent a letter to the DEC, addressed to Chairman Irving. The letter requested that the DEC reconsider its decision to disqualify Hickingbottom. In the alternative, Hickingbottom's counsel requested that a hearing be conducted pursuant to Mississippi Code Section 23-15-299 (Supp. 2022). Finally,

Hickingbottom's counsel stated that if the DEC "fail[ed] to take appropriate action to certify Bob Hickingbottom as a candidate . . . , a Petition for Judicial Review will be filed in the Circuit Court of Hinds County[.]" True to his word, Hickingbottom filed a Petition to Contest and Overturn the Mississippi State Democratic Executive Committee's Disqualification of Bob Hickingbottom for the Candidacy of Governor on May 3, 2023. The petition was filed "pursuant to Miss. Code Ann. § 23-15-961 and 23-15-299." Additionally, Hickingbottom posted a cost bond of $300 on May 5, 2023.

¶5.    On May 8, 2023, the DEC filed a motion for summary judgment. On May 10, 2023, an Agreed Order Setting Trial for May 26, 2023, was entered by the special judge appointed to oversee the case pursuant to Mississippi Code Section 23-15-961(5) (Rev. 2018). The DEC filed a response and answer to Hickingbottom's petition and a motion for judgment on the pleadings or, in the alternative, summary judgment based on the doctrine of laches. On May 26, 2023, the hearing was conducted on all of the motions, and the court ordered that Hickingbottom's name was to be placed on the ballot as a qualified candidate. Specifically, the court found that (1) the challenges to Hickingbottom's qualifications were not grounds for disqualification, (2) Newman's petition was facially invalid because it did not challenge Hickingbottom's qualifications as enumerated in article 5 of the Mississippi Constitution, (3) the DEC's notice to Hickingbottom that he was disqualified was "deficient in due process, invalid and improper," and (4) Hickingbottom's delay in filing a petition for judicial review did not outweigh his "right of ballot access in this case[.]" The court also noted that there was

3

no factual dispute, only disputes concerning the law and its application. The DEC filed this appeal of the order to place Hickingbottom on the ballot.

## STANDARD OF REVIEW

¶6.    "[I]n a candidate qualification challenge, the standard of review for questions of law is *de novo*." **Simmons v. Town of Goodman**, 346 So. 3d 847, 850 (Miss. 2022) (internal quotation marks omitted) (quoting **Hale v. State Democratic Exec. Comm.**, 168 So. 3d 946, 951 (Miss. 2015)). "Matters of statutory interpretation also are reviewed by this Court using a de novo standard." **Chandler v. McKee**, 202 So. 3d 1269, 1271 (Miss. 2016) (citing **Wallace v. Town of Raleigh**, 815 So. 2d 1203, 1206 (Miss. 2002)).

## DISCUSSION

¶7.    The DEC raises several issues on appeal. We only address the DEC's issue regarding the timeliness of Hickingbottom's petition for judicial review since it is dispositive. Section 23-15-961 exclusively governs the procedure for challenging the qualifications of a candidate in a political party's primary election prior to the primary election. In order to challenge a candidate's qualifications, an individual must file a petition that specifically sets forth the grounds for the challenge(s) within ten days after the qualifying deadline. Miss. Code Ann. § 23-15-961(1) (Rev. 2018). Once that petition is received by the political party's executive committee, it has ten days to rule on it or the petition is deemed denied. Miss. Code Ann. § 23-15-961(2)-(3) (Rev. 2018). The executive committee must give at least two days' notice to the petitioner and the contested candidate of the time and place of the hearing on the

4

petition. Miss. Code Ann. § 23-15-961(2).

¶8.     Following the executive committee's ruling—or lack thereof—on the petition, "[a]ny party aggrieved by the action or inaction . . . may file a petition for judicial review in the circuit court[.]" Miss. Code Ann. § 23-15-961(4) (Rev. 2018). "The petition [for judicial review] *must* be filed no later than fifteen (15) days after the date the petition was originally filed with the appropriate executive committee." *Id.* (emphasis added). When filing for judicial review, the aggrieved party shall post a cost bond of $300. *Id.* Once the petition has been filed and the cost bond posted, a special judge is appointed by the Chief Justice of the Supreme Court to oversee the case in a de novo review, without a jury. Miss. Code Ann. § 23-15-961(5) (Rev. 2018). If either party wishes to appeal the order of the specially appointed judge deciding whether to place the candidate on the ballot, they must file their appeal to this Court within three days of the entry of the order. Miss. Code Ann. § 23-15-961(6) (Rev. 2018). Finally, Section 23-15-961(7) mandates that this procedure "shall be the sole and only manner in which the qualifications of a candidate . . . may be challenged prior to the time of his [or her] nomination or election." Miss. Code Ann. § 23-15-961(7) (Rev. 2018).

¶9.     Hickingbottom filed his statement of intent to run for governor on February 1, 2023, the final day to qualify for the Democratic primary election to be held on August 8, 2023. Nine days later, on February 10, 2023, Jim Newman timely filed his petition with the DEC challenging Hickingbottom's qualifications to run as a candidate in the primary in accordance

5

with Section 23-15-961(1). On February 14, 2023, the DEC timely notified Hickingbottom via email of a hearing on Newman's petition to take place two days later, on February 16, 2023. At the hearing, Hickingbottom was present and was given an opportunity to defend his qualifications against Newman's challenges. On February 17, 2023, seven days after Newman's petition was filed, Hickingbottom was informed by the DEC that it had voted not to certify him because he did not meet the statutory requirements. On May 3, 2023—eighty-two days after Newman's original petition was filed with the DEC and seventy-five days after the DEC informed Hickingbottom that he was not certified as a candidate—Hickingbottom filed his petition for judicial review in the Hinds County Circuit Court, "pursuant to Miss. Code Ann. § 23-15-961 and 23-15-299." Hickingbottom posted a $300 cost bond along with his petition in accordance with Section 23-15-961(4). Furthermore, Hickingbottom's petition to the circuit court stated that "[t]his Court has jurisdiction to hear this case and venue is proper in the First Judicial District of Hinds County Mississippi, pursuant to Miss. Code Ann. § 23-15-961 and 23-15-299."

¶10.    "Election contests are a statutory remedy." *Andreacchio v. Coleman*, 322 So. 3d 441, 445 (Miss. 2021) (citing *Pradat v. Ramsey*, 47 Miss. 24, 32 (1872)). Section 23-15-961 provides the sole procedure and remedy for challenging a candidate's qualifications prior to a primary election, for appealing an unfavorable action or inaction by the political party's executive committee to the circuit court and, finally, for appealing the circuit court's order to this Court. Miss. Code Ann. § 23-15-961(7). Hickingbottom filed his petition for judicial

6

review in the circuit court specifically under Section 23-15-961. While Hickingbottom complied with the cost bond portion of Section 23-15-961(4), he blatantly failed to comply with the timeliness mandate contained in Section 23-15-961(4) and further failed to give either this Court or the circuit court any grounds whatsoever to possibly warrant an excuse for his excessive untimeliness.

¶11. To escape the mandated fifteen-day time period under Section 23-15-961(4), Hickingbottom argues that the DEC made its decision not to certify him pursuant to Section 23-15-299(7)(a)-(b) rather than Section 23-15-961, thus freeing him from any time constraint within which to file his petition to the circuit court. Section 23-15-299(7)(a) details the procedure for a political party's executive committee or the secretary of state to certify candidates' qualifications to hold office. If the executive committee or the secretary of state determines that the candidate is not qualified to hold the office that they seek, then it must offer the candidate three days' notice of a hearing to address his or her qualifications and an opportunity to be heard. Miss. Code Ann. § 23-15-299(7)(b).

¶12. The certification procedure in Mississippi Code Section 23-15-299(7)(a)-(b) (Supp. 2022) is the standard for certifying candidates prior to an election when no challenge is made by a third party to a candidate's qualifications. But it is clear that the DEC determined not to certify Hickingbottom following the receipt of Newman's petition and a hearing on the same. Section 23-15-961 lays out the exclusive procedure for when a candidate's qualifications are challenged by a third party. Newman and the DEC complied with the

7

exclusive Section 23-15-961 procedure for challenging a candidate's qualifications. Newman's petition was timely filed, Hickingbottom was timely noticed of a hearing and the DEC timely ruled on Newman's petition. *See* Miss. Code Ann. § 23-15-961(1)-(2). This Court finds that Hickingbottom's qualifications were challenged by petition pursuant to Section 23-15-961 and that, subsequently, Hickingbottom was disqualified as a candidate by the DEC due to the challenges raised in the petition. Therefore, Hickingbottom, as a "party aggrieved by the action . . . of the appropriate executive committee[,]" was required to file his petition for judicial review "no later than fifteen days after" Newman's petition was filed with the DEC. Miss. Code Ann. § 23-15-961(4). Because Hickingbottom failed to file his petition for judicial review prior to the expiration of the fifteen-day deadline provided under Section 23-15-961, this Court finds that it was time barred. *See **Gourlay v. Williams***, 874 So. 2d 987, 988 (Miss. 2004) (affirming the trial court's finding that Gourlay's failure to file his petition challenging a candidate's qualifications within the ten-day time limit specified in Section 23-15-961(1) meant his petition was time barred).

¶13.    Even if the DEC had not received Newman's petition and chose not to certify Hickingbottom under the Section 23-15-299 procedure, Section 23-15-299 gives no remedy or procedure to petition the court for judicial review of the executive committee's decision; Section 23-15-961, by contrast, details a step-by-step appeal process. As stated previously, election contests provide statutory remedies. ***Andreacchio***, 322 So. 3d at 445. Since Section 23-15-299 gives no remedy to Hickingbottom, either he is wholly without one or he may

8

follow the review procedure laid out in Section 23-15-961. Hickingbottom provides no alternative methods—and this Court has found no alternative methods—for appealing a decision of a political party's executive committee other than the procedure laid out in Section 23-15-961, whether the candidate is disqualified directly by the executive committee under Section 23-15-299 or by a third party's challenge under Section 23-15-961. *See Cameron v. Miss. Republican Party*, 890 So. 2d 836, 838 (Miss. 2004) (candidate disqualified by the executive committee under Section 23-15-299 appealed the decision pursuant to Section 23-15-961(4)); *Montgomery v. Lowndes Cnty. Democratic Exec. Comm.*, 969 So. 2d 1, 2 (Miss. 2007) (candidate disqualified by the executive committee sought judicial review pursuant to Section 23-15-961). In fact, in every case in which this Court addressed judicial review of a decision by political party's executive committee to qualify or disqualify potential candidates, the procedure of Section 23-15-961 was followed or no procedure was mentioned. *See Grist v. Farese*, 860 So. 2d 1182, 1183 (Miss. 2003); *Meredith v. Clarksdale Democratic Exec. Comm.*, 340 So. 3d 315, 318-19 (Miss. 2022); *Edwards v. Stevens*, 963 So. 2d 1108, 1108-09 (Miss. 2007); *Garner v. Miss. Democratic Exec. Comm.*, 956 So. 2d 906, 908 (Miss. 2007); *Young v. Stevens*, 968 So. 2d 1260, 1261 (Miss. 2007); *Hale*, 168 So. 3d at 949-50.

¶14.   Hickingbottom further argues that though he did file his petition pursuant to Section 23-15-961, the fifteen-day time limit is inapplicable to this particular proceeding under *Basil v. Browning*, 175 So. 3d 1289, 1292 (Miss. 2015). In *Basil*, when construing Section 23-15-

9

963, this Court held that since Browning was not challenging the qualifications of another candidate and was instead challenging his own disqualification by the Union County Election Commission, "the provisions of Section 23-15-963 [did] not apply[.]" *Id.* Hickingbottom argues that since the relevant language in Section 23-1-5-963 is identical to the relevant language in Section 23-15-961, this Court should hold the same—that Section 23-15-961 is not the exclusive procedure for a candidate appealing his or her own disqualification. Notably, however, Browning was not disqualified following a petition challenging his qualifications by a third party, and he did not file the appeal of his disqualification pursuant to Section 23-15-963. Furthermore, the timeliness of Browning's petition for judicial review was not in question. *Id.* The decision of this Court in *Basil* is inapposite to the present case.

¶15.  A candidate who has been disqualified pursuant to a particular statute that specifically provides for an appeal process of that disqualification and who appeals pursuant to that particular statute must abide by the time limit mandated within that statute. This case presents this very scenario: the challenge to Hickingbottom's qualifications was made under Section 23-15-961, and Hickingbottom appealed the DEC's decision to disqualify him based on that challenge under Section 23-15-961. Therefore, we hold that Hickingbottom was required to meet the statutory time limit set out in Section 23-15-961 for his petition for judicial review, and his failure to do so means his petition was time barred.

## CONCLUSION

¶16.  This Court holds that Hickingbottom's qualifications were challenged by petition

10

pursuant to Section 23-15-961. Under the statutorily provided appeal process in Section 23-1-5-961, Hickingbottom failed to timely file his petition for judicial review, and therefore his petition was time barred. This Court's finding that Hickingbottom's petition was untimely filed is dispositive, and we decline to address the other issues raised by the DEC. Accordingly, we reverse the circuit court's judgment and render judgment finally dismissing with prejudice Hickingbottom's petition for judicial review as untimely filed. This Court also finds that, in light of the impending ballot deadlines for the August 8, 2023 primary election, it is necessary that our decision be final. Therefore, under Mississippi Rule of Appellate Procedure 2(c), we find that no motion for rehearing will be allowed and that this opinion shall be deemed final in all respects. The Court finds that the mandate in this matter shall issue immediately.

¶17.    The Clerk of this Court is directed to send copies of this opinion to the Democratic Party Executive Committee and to the secretary of state.

¶18.    **REVERSED AND RENDERED.**

**RANDOLPH, C.J., KITCHENS AND KING, P.JJ., COLEMAN, MAXWELL, BEAM AND ISHEE, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.**